23 F.3d 400
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Ronald DORSEY, Carolyn Dorsey, Plaintiffs-Appellees,
v.
Ruth Ann ARTY, Human Service Worker of the Carroll County
Department of Social Services, in her former official and
individual capacities; Trevor St. Victor Walford, in his
former official capacity as employee of the Carroll County
Department of Social Services, and in his individual
capacity; M. Alexander Jones, Director of the Carroll
County Department of Social Services, in his official and
individual capacities; Alan L. Katz, Assistant Director of
the Carroll County Department of Social Services, in his
official and individual capacities; Carolyn W. Colvin,
Secretary of the Department of Human Resources of the State
of Maryland, in her official and individual capacities,
Defendants-Appellants,
and
Camille B. Wheeler, Director of the Baltimore County
Department of Social Services, in her official and
individual capacities, Defendant.
 No. 93-1635.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 8, 1994.
Decided May 11, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert F. Murray, Senior District Judge. (CA-92-1846-HM)
 Catherine McCullough Schultz, Asst. Atty. Gen., Baltimore, MD (J. Joseph Curran, Jr., Atty. Gen. of Maryland, Shelly E. Mintz, Asst. Atty. Gen., Baltimore, MD, on brief), for appellants.
 Edwin Vieira, Jr., Manassas, VA (Tracy E. Mulligan, Rockville, MD, on brief), for appellees.
 D.Md.
 AFFIRMED.
 Before RUSSELL, Circuit Judge, CHAPMAN, Senior Circuit Judge, and TILLEY, United States District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Defendants are employees of the Carroll County Department of Social Services (CCDSS), and they appeal the district court's refusal to dismiss on the grounds of qualified immunity an action brought against them by Mr. and Mrs. Ronald Dorsey under 42 U.S.C. Sec. 1983. The complaint of 91 pages alleges that defendants Ruth Arty and Trevor Walford conducted a warrantless search of plaintiff's home in violation of the Fourth and Fourteenth Amendments; that CCDSS attempted to use its authority as leverage to change the Dorseys' views on child rearing and child education in violation of their First and Fourteenth Amendment rights; that the absence of a hearing process during the investigation denied them freedom from improper investigations without due process in violation of the First and Fourteenth Amendments; that CCDSS's practice of maintaining records on the investigation of the plaintiffs without notice and a hearing and allowing plaintiffs access to the records violated their Fourteenth Amendment rights; and that they are entitled to damages for emotional, physical and mental injuries suffered as a result of the violation of their constitutional rights and as a result of intentional and negligent infliction of emotional distress by the defendants.
 
 
 2
 Defendants filed a motion to dismiss all counts for failure to state a claim. They also claimed qualified immunity. The district court dismissed the counts regarding the absence of notice and a hearing and also the claim for negligent infliction of emotional distress. The court also dismissed claims against the defendant Camille Wheeler, the Director of the Baltimore County DSS. The remaining defendants appeal the district court's determination that under the allegations contained in the complaint, they are not protected by qualified immunity.
 
 
 3
 Jurisdiction over this appeal exists at this stage in the proceedings because a district court's denial of qualified immunity as a defense is appealable as a final decision under 28 U.S.C. Sec. g1291. See Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). This court "may, in the interest of judicial economy, exercise pendent jurisdiction over claims related to and raised in conjunction with an interlocutory appeal of the denial of qualified immunity." ACLU of Maryland v. Wicomico County, Maryland, 999 F.2d 780, 784 (4th Cir.1993). Therefore, we consider appellants' claim that they were entitled to qualified immunity and also the claim that the allegations of intentional infliction of emotional distress did not state a claim upon which relief may be granted. After a careful study of the record and the briefs, close attention to the oral arguments and a review of the applicable law, we are persuaded that the district court properly refused to dismiss the three remaining claims for the reasons set forth in its memorandum order dated April 28, 1993. Therefore, we affirm the district court's resolution of these issues.
 
 AFFIRMED